## ORIGINAL

1   GERALD SINGLETON, State Bar No. 208783
    Law Offices of GERALD SINGLETON, APC
2   1950 Fifth Street, Suite 200
    San Diego, California 92101
3   (619) 239-2196
    (619) 702-5592 (fax)
4   geraldsingleton73@yahoo.com

5   ALEXIS BASTEDO, State Bar No. 249183
    Law Offices of ALEXIS BASTEDO
6   P.O. Box 33013
    San Diego, California 92163
7   (619) 818-6039
    (619) 546-8744 (fax)
8   alexisbastedo@gmail.com

9   Attorneys for Plaintiffs

```
FILED
MAY 2 0 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY        KNX        DEPUTY
```

10               **UNITED STATES DISTRICT COURT**

11             **SOUTHERN DISTRICT OF CALIFORNIA**

12   DANAE KELLEY; ADRIAN CASTILLO;  )
    CHRISTOPHER CLEMENTS; SARAH  )
13   CLEMENTS, by and through her guardian ad )
    litem, JEFF CANE; TAYLOR CLEMENTS, )
14   by and through his guardian ad litem, JEFF )
    CANE; SCOTT EVERETT; NICOLETTE )
15   KARLEEN; ANGEL MARTINEZ; ANDY )
    WIRTH; JEFFREY WIRTH and DEVON, )
16                           )
            Plaintiffs,  )
17                           )
             v.  )
18                           )
    CITY OF SAN DIEGO; OFFICER  )
19   HUDGENS; OFFICER DAVID J.  )
    MCANNALLY; OFFICER ALEJANDRINO )
20   C. SANTOS; OFFICER JANINE A. VAN )
    ANTWERP; OFFICER RONALD  )
21   BROUSSARD; OFFICER ROBERT E.  )
    SIMPSON; OFFICER WILLIAM D.  )
22   NULTON; OFFICER PATRICK R.  )
    DERNING; OFFICER LLOYD E. COOK; )
23   OFFICER THOMAS A. RIZZO; OFFICER )
    MARK D. HANTEN; OFFICER GREGG )
24   HUMPHREY; OFFICER MARK J. BUA; )
    and DOES 1-100, inclusive,  )
25                           )
             Defendants.  )
26   _____ )

**COMPLAINT FOR DAMAGES AND VIOLATIONS OF CONSTITUTIONAL RIGHTS**

'08 CV 0900 L WMc

**DEMAND FOR JURY TRIAL**

27      COMES NOW Plaintiffs DANAE KELLEY, ADRIAN CASTILLO, CHRISTOPHER CLEMENTS,

28   SARAH CLEMENTS, by and through her guardian ad litem, JEFF CANE, TAYLOR CLEMENTS, by and

Complaint for Damages and Violation of Constitutional Rights      -1-

1  through his guardian ad litem, JEFF CANE, SCOTT EVERETT, NICOLETTE KARLEEN, ANGEL

2  MARTINEZ, ANDY WIRTH, JEFFREY WIRTH, and DEVON ("PLAINTIFFS"), by and through their

3  attorney of record, hereby file the following Complaint for damages and violation of civil and constitutional

4  rights against Defendants CITY OF SAN DIEGO ("CITY"), OFFICER HUDGENS, OFFICER DAVID

5  J. MCANNALLY, OFFICER ALEJANDRINO C. SANTOS, OFFICER JANINE A. VAN ANTWERP,

6  OFFICER RONALD BROUSSARD, OFFICER ROBERT E. SIMPSON, OFFICER WILLIAM D.

7  NULTON, OFFICER PATRICK R. DERNING, OFFICER LLOYD E. COOK, OFFICER THOMAS A.

8  RIZZO, OFFICER MARK D. HANTEN, OFFICER GREGG HUMPHREY, OFFICER MARK J. BUA,

9  and DOES 1-100 (collectively, "DEFENDANTS").

10                                          **INTRODUCTION**

11      1.      The Fourth Amendment to the United States Constitution provides that no person shall be

12  subjected to an "unreasonable search or seizure."  The Fourth Amendment was made applicable to the

13  individual states and their subdivisions by the Fourteenth Amendment.  Thirty years ago, the United States

14  Supreme Court stated that "the overriding function of the Fourth Amendment is to protect personal privacy

15  and dignity against unwarranted intrusion by the State."  *Schmerber v. California*, 384 U.S. 757, 767

16  (1966). This is a case in which PLAINTIFFS dignity, personal integrity, liberty, and health and safety were

17  arbitrarily and unjustly taken from them by police officers acting under the color of state and local law.

18      2.      PLAINTIFFS bring this action against the CITY OF SAN DIEGO ("CITY") and the above-

19  listed individuals employed as police officers by the CITY, for the injuries and violations of their

20  constitutional rights which PLAINTIFFS sustained on or about August 18, 2007, when PLAINTIFFS were

21  detained and/or arrested and booked into the San Diego County Jail.  PLAINTIFFS bring this action against

22  all DEFENDANTS, pursuant to Title 42 United States Code ("U.S.C.") § 1983, for violating PLAINTIFFS'

23  rights under the United States Constitution. PLAINTIFFS also bring supplemental state causes of action

24  against all DEFENDANTS.  Said supplemental causes of action include conspiracy, assault and battery,

25  negligence per se, general negligence, negligent infliction of emotional distress and intentional infliction

26  of emotional distress, false arrest and imprisonment, and the Unruh Act, and are based upon the statutory

27  law, common law and case law of the State of California.

28  //

Complaint for Damages and Violation of Constitutional Rights          -2-

**JURISDICTION**

3.     This Court has jurisdiction to hear this case pursuant to Title 42 USC §1983, Title 28 USC §§1331 and 1343, and Article III of the United States Constitution. With respect to the claims stated herein based upon state law, this Court has supplemental jurisdiction. *See* Title 28 USC §1367(a); *Allen v. City of Los Angeles*, 92 F.3d 842, 945 (9th Cir. 1996).

**VENUE**

4.     The southern District of California is the proper venue because the acts and omissions alleged herein occurred in the County of San Diego, which is located within the Southern District of California. *See* 28 USC 1391(a)(b)(d)(e)(1)(2) and 1402(b).

**PARTIES**

5.     At all times mentioned in this Complaint, PLAINTIFFS were, and now are, citizens of the United States of America and residents of the state of California.

6.     Defendant CITY OF SAN DIEGO ("CITY") is, and at all times herein mentioned was, a municipal Corporation, duly organized under the laws of the State of California and situated in the County of San Diego. The San Diego Police Department is, and at all times herein mentioned was, a law enforcement agency acting under the authority of Defendant CITY, a municipal corporation, duly organized and existing under the laws of the State of California.

7.     Defendants OFFICER HUDGENS, OFFICER DAVID J. MCANNALLY, OFFICER ALEJANDRINO C. SANTOS, OFFICER JANINE A. VAN ANTWERP, OFFICER RONALD BROUSSARD, OFFICER ROBERT E. SIMPSON, OFFICER WILLIAM D. NULTON, OFFICER PATRICK R. DERNING, OFFICER LLOYD E. COOK, OFFICER THOMAS A. RIZZO, OFFICER MARK D. HANTEN, OFFICER GREGG HUMPHREY, and OFFICER MARK J. BUA are individuals who at all times herein mentioned were the agents and employees of Defendant CITY and were employed as police officers by Defendant CITY. In doing the acts described herein, these individual Defendants acted within the course and scope of their employment and under the color of the authority granted to them by Defendant CITY.

8.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to PLAINTIFFS, who therefore sue said

1    defendants by such fictitious names.  PLAINTIFFS are informed and believe and thereon allege that each

2    of the defendants designated herein as "DOE" intentionally, negligently or in some other manner

3    participated in the events and happenings herein referred to and negligently or in some other manner caused

4    injuries proximately and directly to PLAINTIFFS as herein alleged.

5         9.     DOES 1 through 50 are subordinate police officers and DOES 51 through 100 are police

6    officers with supervisory authority within the San Diego Police Department.

7                                      **GENERAL ALLEGATIONS**

8         10.     PLAINTIFFS passionately care about the protection of animals.  As such, PLAINTIFFS

9    sought to persuade persons who invested in Huntington Life Sciences ("HLS") a corporation that harms,

10   tortures, and kills animals for the purposes of testing commercial products, to divest from HLS.  Pursuant

11   to their First Amendment right of freedom of speech, PLAINTIFFS used their voices, written signs and

12   leaflets to educate individuals at three separate locations in San Diego County about the practices of HLS

13   and urged individuals and corporations to divest from HLS.  PLAINTIFFS did <u>not</u> personally threaten

14   anyone, nor did they suggest that anyone else harm or threaten anyone at any point during any of these

15   demonstrations. PLAINTIFFS also did not personally, and did not encourage others, to follow or stalk

16   anyone.

17        11.     On Saturday, August 18, 2007, at approximately 7:30 p.m., PLAINTIFFS held a protest near

18   the La Jolla residence of Earnest Rady ("Rady") in an effort to persuade Rady to remove his company's

19   investment from HLS. PLAINTIFFS used their voices, written signs and leaflets to communicate to Rady

20   that he should divest from HLS because of its practices of harming, torturing, and killing animals.

21   Approximately twenty to thirty people participated in the demonstration.  During the short demonstration

22   (which lasted less than thirty minutes), PLAINTIFFS remained on public property and briefly encountered

23   Rady's private security guard.  After the brief demonstration, PLAINTIFFS prepared to entered their

24   vehicles and left the area.

25        12.     As PLAINTIFFS were driving out of the area, San Diego police offices stopped several of

26   the cars in which PLAINTIFFS were traveling. DEFENDANTS arrested PLAINTIFF DANAE KELLEY

27   ("KELLEY"). PLAINTIFF KELLEY was taken to jail and held for forty-eight to seventy-two hours. She

28   was then released and no charges were filed against her. DEFENDANTS then detained the remaining

1   PLAINTIFFS for 1-2 hours. This detention constituted a de facto arrest. During this detention, Defendants

2   ordered PLAINTIFFS and other persons out of the cars, took pictures of PLAINTIFFS, removed their

3   property from their vehicles, detained them for an unreasonably long period of time, searched their vehicles

4   without a warrant, probable cause or valid consent, and handcuffed certain PLAINTIFFS and placed them

5   in the back of the police vehicles present.

6       13.    At one point during the unlawful detention, DEFENDANT HUDGENS informed

7   PLAINTIFFS that PLAINTIFF KELLEY was the "leader" of the group and he intended to "make an

8   example" of her by embarrassing her in front of the other PLAINTIFFS, arresting her, and taking her to the

9   police station for questioning. DEFENDANTS then took PLAINTIFF KELLEY to jail and held her for

10  two to three days.

11      14.    At no time did PLAINTIFFS consent to any of the acts of DEFENDANTS alleged herein.

12  DEFENDANTS acts were illegal, excessive and not supported by either probable cause, reasonable

13  suspicion or any other legal justification.

14      15.    As a direct and proximate result of the negligent and intentional acts of DEFENDANTS, and

15  each of them, all of whom were acting within the course and scope of their agency and/or employment

16  when committing the acts alleged herein, PLAINTIFFS sustained the injuries and damages herein alleged.

17      16.    DEFENDANTS violated PLAINTIFFS' Fourth Amendment rights to be free from

18  unreasonable seizure of their persons or vehicles, including but not limited to their rights to be free from

19  false arrest and false imprisonment. Defendants also violated PLAINTIFFS' rights under the California

20  Constitution, and state and federal statutory and common law. The Defendant Officers sued herein who

21  were not directly involved in the unlawful arrest and/or unlawful detention of PLAINTIFFS observed

22  PLAINTIFFS' rights being violated and took no action to prevent their fellow officers from violating

23  PLAINTIFFS' rights. Said DEFENDANTS also ratified the illegal conduct of their fellow DEFENDANTS

24  after the event.

25      17.    As a proximate result of the circumstances, facts and negligent and intentional acts alleged

26  herein, PLAINTIFFS sustained the injuries and the damages herein alleged. Plaintiffs state law causes of

27  action against DEFENDANTS are based upon California Civil Code § 1714 and the California Government

28  Tort Claims Act (Cal. Government Code §§ 810 et seq.), including case law interpreting these statutes. The

1  basis for DEFENDANTS' liability under the California Government Tort Claims Act includes, but is not

2  limited to, Government Code §§ 815.2, 815.6, and 820.

3       18.    In committing the acts alleged herein, DEFENDANTS, and each of them, agreed, arranged

4  and conspired to unlawfully seize and search the PLAINTIFFS, their persons and their vehicles and deprive

5  PLAINTIFFS of their Constitutional rights under the Fourth and Fourteenth Amendments to the United

6  States Constitution. DEFENDANTS, and each of them, knowingly and willfully conspired and agreed

7  among themselves to commit the acts herein alleged as a conspiracy and did so in furtherance of their

8  agreement to perform the acts herein alleged.

9       19.    On September 27, 2007, all PLAINTIFFS filed claims against DEFENDANTS pursuant to

10  California Government Code §§905 *et seq.*  On November 21, 2007, the CITY propounded letters to

11  PLAINTIFFS informing them that their claims were denied and stating they had six (6) months (until May

12  21, 2008) to file a court action.  Accordingly, the instant Complaint is timely.

13                                **FIRST CAUSE OF ACTION**

14  **(Brought by All Plaintiffs Against Defendant CITY, DEFENDANTS and DOE DEFENDANTS**

15  **51-100 in Their Official Capacities)**

16  **42 U.S.C. § 1983 - Illegal Custom and Practice (*Monell* Claim)**

17       20.    PLAINTIFFS re-allege and incorporate by reference each and every allegation contained in

18  paragraphs 1 through 19, above, as though fully set forth herein.

19       21.    PLAINTIFFS allege that Defendant CITY, through its Police Department, has an unlawful

20  policy, custom or habit of permitting, condoning or ratifying the unnecessary and unjustified arrest,

21  detention, seizure, and search (of persons, vehicles, homes, and buildings) by its police officers and

22  employees.

23       22.    DEFENDANTS and DOE OFFICERS 51 through 100 were responsible for the hiring,

24  retention, training, supervision and control of the defendant police officers sued herein who ordered and/or

25  personally arrested, detained or otherwise deprived PLAINTIFFS of their Constitutional rights.  Said

26  defendants, and their agents and employees, negligently hired, trained, retained, supervised, managed,

27  directed and controlled the activities of the Defendant CITY sued herein.  Furthermore, said defendants

28  ratified the illegal acts of the defendant officers who ordered and/or personally arrested, detained or

1   otherwise deprived PLAINTIFFS of their Constitutional rights. Said DEFENDANTS are sued in their

2   official capacities.

3       23.    As a proximate result of these unlawful policies, customs and habits alleged above,

4   PLAINTIFFS suffered the Constitutional violations. Therefore, PLAINTIFFS are entitled to compensatory

5   damages and attorneys fees for the violation of their Constitutional rights, pursuant to Title 42 U.S.C. §

6   1983, in an amount to be proven at the time of trial.

7   **SECOND CAUSE OF ACTION**

8   **(Brought by All Plaintiffs Against All Defendants)**

9   **Negligent Hiring, Retention, Supervision, Training, Discipline, Control**

10      24.    PLAINTIFFS re-allege and incorporate by reference each and every allegation contained in

11  paragraphs 1 through 23, above, as though fully set forth herein.

12      25.    DEFENDANTS and DOE OFFICERS 51 through 100 were responsible for the hiring,

13  retention, training, supervision and control of the defendant police officers sued herein. Said defendants,

14  and their agents and employees, negligently hired, trained, retained, supervised, managed, directed and

15  controlled the activities of the Defendant CITY sued herein.

16      26.    The negligence of DEFENDANTS and DOE OFFICERS 51 through 100 was a direct and

17  proximate cause of the injuries to PLAINTIFFS in that DEFENDANTS' subordinate officers committed

18  the acts and omissions detailed herein, in violation of the laws of the State of California and plaintiffs' civil

19  rights under the United States Constitution. As an actual and proximate cause of such negligence,

20  PLAINTIFFS sustained the injuries and damages as herein alleged.

21  **THIRD CAUSE OF ACTION**

22  **(Brought by All Plaintiffs Against All Defendants)**

23  **42 U.S.C. § 1983 - Unlawful Search and Seizure of Persons**

24      27.    PLAINTIFFS re-allege and incorporate by reference each and every allegation contained in

25  paragraphs 1 through 26, above, as though fully set forth herein.

26      28.    At the time and place set forth herein above, DEFENDANTS, acting under color of law,

27  unlawfully seized and detained PLAINTIFFS without probable cause and/or reasonable suspicion, in

28  violation of PLAINTIFFS' Fourth and Fourteenth Amendment rights. During the subsequent detention of

1    PLAINTIFFS, DEFENDANTS took pictures of each PLAINTIFF from at least three different angles.

2    After DEFENDANTS seized PLAINTIFFS, DEFENDANTS informed PLAINTIFFS that they were not

3    free to leave. All PLAINTIFFS did not feel free to leave, and no reasonable person in their position would

4    have felt free to leave under the circumstances.

5        29.    PLAINTIFFS did not undertake any actions of a violent or threatening nature, did not pose

6    any threat to DEFENDANTS (or anyone else), did not verbally threaten DEFENDANTS (or anyone else),

7    and complied with DEFENDANTS' orders and commands.  However, at no time did any PLAINTIFFS

8    give valid legal consent to any of DEFENDANTS' unlawful actions, and DEFENDANTS' actions were

9    not supported by probable cause and/or reasonable suspicion.

10        30.    DEFENDANTS, acting under color of law, falsely arrested and imprisoned all PLAINTIFFS

11    without a valid warrant,  probable cause, or reasonable suspicion to believe they committed any crime,

12    depriving them of their liberty guaranteed to them by the Fourth and Fourteenth Amendments.

13    DEFENDANTS who were present at the scene and did not personally order or participate in the arrest of

14    PLAINTIFFS witnessed the illegal arrest of PLAINTIFFS and acted with deliberate indifference to the fact

15    that PLAINTIFFS constitutional rights were being violated in their presence by their fellow officers.  Said

16    DEFENDANTS, and the additionally sued DOE DEFENDANTS who were responsible for supervising,

17    retaining and controlling the DEFENDANTS who ordered and/or arrested or detained PLAINTIFFS, further

18    violated PLAINTIFFS' rights by ratifying the illegal conduct of the DEFENDANTS who ordered and/or

19    personally arrested PLAINTIFFS at the scene.

20        31.    In committing the acts herein, each of the individual DEFENDANTS acted with malice,

21    oppression and fraud.  PLAINTIFFS are therefore entitled to punitive damages from the individual

22    DEFENDANTS, and each of them, in an amount sufficient to punish and deter them from such conduct,

23    according to proof at the time of trial.

24                            **FOURTH CAUSE OF ACTION**

25                    **(Brought by All Plaintiffs Against All Defendants)**

26                **42 U.S.C. § 1983 - Unlawful Search and Seizure of Vehicle**

27        32.    PLAINTIFFS re-allege and incorporate by reference each and every allegation contained in

28    paragraphs 1 through 31, above, as though fully set forth herein.

Complaint for Damages and Violation of Constitutional Rights        -8-

1      33.    At the time and place set forth herein above, PLAINTIFFS KELLEY, SARAH CLEMENTS,

2   JEFFREY WIRTH, and ANDY WIRTH each owned a vehicle that was present at the time of the incident.

3   DEFENDANTS, acting in the course and scope of their employment with the CITY, and thereby acting

4   under color of law, unlawfully seized, detained and searched the vehicles owned by PLAINTIFFS

5   KELLEY, SARAH CLEMENTS, JEFFREY WIRTH, and ANDY WIRTH without valid legal consent, a

6   warrant, or probable cause.

7      34.    At no time did PLAINTIFFS DANAE KELLEY, SARAH CLEMENTS, JEFFREY WIRTH,

8   ANDY WIRTH or anyone with apparent, inherent, express or implied authority give valid consent to

9   DEFENDANTS' unlawful actions.

10      35.    DEFENDANTS, acting in the course and scope of their employment with the CITY, and

11   thereby acting under color of law, seized (or caused other DEFENDANTS to seize), and entered and

12   searched (or caused other DEFENDANTS to enter and search), the PLAINTIFFS' vehicles without a

13   warrant, probable cause, or valid consent, in violation of PLAINTIFFS KELLEY, SARAH CLEMENTS

14   JEFFREY WIRTH, and ANDY WIRTH'S rights to be free from unreasonable and arbitrary search and

15   seizure under the Fourth and Fourteenth Amendments of United States Constitution.

16      36.    In committing the acts herein, DEFENDANTS, and each of them, acted with malice,

17   oppression and fraud.  PLAINTIFFS are therefore entitled to punitive damages from each individual

18   DEFENDANT in an amount sufficient to punish and deter them from such conduct, according to proof at the

19   time of trial.

20                      **FIFTH CAUSE OF ACTION**

21             **(Brought by Plaintiff KELLEY Against All Defendants)**

22           **42 U.S.C. §1983 - Unlawful Search and Seizure**

23      37.    PLAINTIFFS reassert and re-allege Paragraphs 1 through 36 of this Complaint as though the

24   same were set forth herein in full.

25      38.    DEFENDANTS, and each of them, while acting in the course and scope of their employment

26   with the San Diego Police Department and the CITY, illegally seized and searched PLAINTIFF KELLEY

27   (and PLAINTIFF KELLEY'S possessions, including, but not limited to, her vehicle) falsely arrested and

28   imprisoned PLAINTIFF KELLEY.  Acting without a warrant or probable cause, DEFENDANTS, including

1  Defendant HUDGENS, seized and arrested PLAINTIFF KELLEY, handcuffed her, took her to the police

2  station, booked her, took her to jail, and imprisoned her for 48-72 hours.  PLAINTIFF KELLEY was then

3  released, and no charges were ever filed against her. At no time did PLAINTIFF KELLEY give valid consent

4  to any of DEFENDANTS' unlawful actions.

5       39.    DEFENDANTS and DOE DEFENDANTS 51-100 ordered and/or ratified and condoned the

6  illegal arrest and detention of PLAINTIFF KELLEY by Defendant HUDGENS and the other

7  DEFENDANTS..

8       41.    In committing the acts herein, DEFENDANTS, and each of them, acted with malice,

9  oppression and fraud.  PLAINTIFF KELLEY  is therefore entitled to punitive damages from each individual

10  DEFENDANT, in an amount sufficient to punish and deter them from such conduct, in an amount according

11  to proof at the time of trial.

12                          **SIXTH CAUSE OF ACTION**

13       **(Brought by Plaintiffs CASTILLO, CHRISTOPHER CLEMENTS, SARAH CLEMENTS,**

14       **TAYLOR CLEMENTS, EVERETT, KARLEEN, MARTINEZ, ANDY WIRTH, JEFFREY**

15             **WIRTH, and DEVON Against All Defendants)**

16                   **42 U.S.C. § 1983 - Unlawful Seizure**

17       42.    PLAINTIFFS reassert and re-allege Paragraphs 1 through 41 of this Complaint as though set

18  forth herein in full.

19       43.    DEFENDANTS, including Defendant HUDGENS, while acting under color of law, ordered

20  and/or personally detained PLAINTIFFS for an extended period of time without probable cause.  Because of

21  the length of the detention and the surrounding circumstances, this detention constituted a de facto arrest of

22  PLAINTIFFS.  DEFENDANTS performed this arrest without a warrant and/or probable cause.

23       44.    DEFENDANTS and DOE DEFENDANTS 51-100 ratified and condoned the acts of the

24  defendant officers who ordered and/or personally arrested PLAINTIFFS without probable cause and/or an

25  arrest warrant.

26       45.    In committing the acts and omissions alleged herein, DEFENDANTS, and each of them, acted

27  willfully and the acts of each of the DEFENDANTS constitute malice, oppression, and fraud, thus entitling

28  PLAINTIFFS to punitive damages.

## SEVENTH CAUSE OF ACTION

### (Brought by All Plaintiffs Against All Defendants)

### Assault and Battery

46.     PLAINTIFFS reassert and re-allege Paragraphs 1 through 45 of this Complaint as though set forth herein in full.

47.     At all times mentioned herein, in committing the acts and omissions as described herein above, DEFENDANTS, and each of them, acted with intent to cause and/or to make physical contact with all PLAINTIFFS.  Said acts were performed during the course and scope of the individual Defendant's employment and under color of law.

48.     None of the PLAINTIFFS consented to any of the intentional, unlawful, harmful and unprivileged physical touching of their persons by DEFENDANTS. DEFENDANTS lacked probable cause, reasonable suspicion, or legal justification of any kind for their non-consensual and unprivileged physical touching of all PLAINTIFFS.

49.     The aforementioned acts and omissions of the DEFENDANTS were willful, oppressive and undertaken with a conscious and reckless indifference to, and disregard of all PLAINTIFFS' rights and safety. Accordingly, all PLAINTIFFS are entitled to exemplary and punitive damages in a sum sufficient to punish and make an example of DEFENDANTS.

## EIGHTH CAUSE OF ACTION

### (Brought by All Plaintiffs Against All Defendants)

### Negligence Per Se

50.     PLAINTIFFS reassert and re-allege Paragraphs 1 through 49 of this Complaint as though set forth herein in full.

51.     On the dates and times set forth in this Complaint, DEFENDANTS, as Peace Officers, and each of them, acting in the course and scope of their employment with the CITY, and thereby acting under color of law, had a duty to, and failed to comply with the laws, rules, statutes, specifications, guidelines and ordinances applicable to them.  Among other violations, Defendant HUDGENS and other DEFENDANTS (arresting officers) violated California Penal Code § 836 when they arrested PLAINTIFF DANAE KELLEY and all PLAINTIFFS without a warrant, without probable cause to believe that they had either committed a

1  crime. DEFENDANTS are liable to PLAINTIFFS pursuant to Cal. Civil Code § 1714, and Cal. Government

2  Code §§ 815.2, 815.6, and 820, *inter alia*.

3      52.    Among other violations, Defendant HUDGENS and other DEFENDANTS (arresting officers)

4  violated California Penal Code § 836.5 when they unlawfully arrested PLAINTIFFS without an authorization

5  by ordinance, without reasonable cause to believe PLAINTIFFS had committed a misdemeanor in the

6  presence of the officer and without reasonable cause to believe either arrest was lawful.

7      53.    Among other violations, Defendant HUDGENS and other DEFENDANTS (arresting

8  officers)violated California Penal Code § 841 when they failed to inform PLAINTIFFS of their intention to

9  arrest them, and/or the cause for the arrest, and/or their authority to make such an arrest, and failed to inform

10  them of the offense for which they were being arrested. None of the arresting officers had reasonable cause

11  to believe that PLAINTIFFS had engaged in the commission or an attempt to commit an offense.

12      54.    Said laws, rules, statutes, specifications, guidelines and ordinances were designed to protect the

13  public and individuals such as PLAINTIFFS. As a direct result of the DEFENDANTS failure to comply with

14  the applicable laws, rules, statutes, specifications, guidelines and ordinances applicable to the DEFENDANTS,

15  PLAINTIFFS were falsely detained and arrested, causing the injuries and damages as herein alleged. As a

16  proximate result of the conduct of DEFENDANTS, and each of them, PLAINTIFFS sustained the injuries

17  and damages herein alleged.

18  **NINTH CAUSE OF ACTION**

19  **(Brought by All Plaintiffs Against All Defendants)**

20  **Negligence**

21      55.    PLAINTIFFS reassert and re-allege Paragraphs 1 through 54 of this Complaint as though set

22  forth herein in full.

23      56.    On the dates and times set forth in this Complaint, DEFENDANTS, and each of them, owed

24  a duty of reasonable care to PLAINTIFFS pursuant to Cal. Civil Code § 1714, and Cal. Government Code §§

25  815.2 and 820, *inter alia*. This duty of care required that DEFENDANTS, and each of them, conduct

26  themselves as a reasonably police officer would under the same or similar circumstances.

27      57.    On the dates set forth in this Complaint, DEFENDANTS, and each of them, breached their duty

28  of reasonable care by committing the acts and omissions as herein alleged. Said acts include, but are not

1    limited to, detaining and/or arresting PLAINTIFFS without legal justification, and searching PLAINTIFFS'

2    persons and vehicles without valid consent, reasonable suspicion and/or probable cause.

3        58.    Said negligence of DEFENDANTS, and each of them, directly and proximately caused the

4    injuries and damages to Plaintiffs as alleged herein.

5                                    **TENTH CAUSE OF ACTION**

6                            **(Brought by All Plaintiffs Against All Defendants)**

7                            **Negligent Infliction of Emotional Distress**

8        59.    PLAINTIFFS reassert and re-allege Paragraphs 1 through 59 of this Complaint as though set

9    forth herein in full.

10       60.    Pursuant to Cal. Civil Code § 1714, and Cal. Government Code §§ 815.2 and 820, *inter alia*,

11   DEFENDANTS, and each of them, have a duty not to cause PLAINTIFFS to suffer serious emotional distress.

12   On the dates and times set forth herein, DEFENDANTS, and each of them, knew or in the exercise of

13   reasonable care and prudence, should have known, that their actions likely would result in the PLAINTIFFS

14   suffering emotional harm, anguish and distress.

15       61.    As officers of the Police Department of CITY, DEFENDANTS had a duty to all Plaintiffs to

16   avoid assaulting, battering, illegally searching and seizing, harassing, falsely arrested and/or imprisoning each

17   PLAINTIFF. They further had a duty to obey all state, local and federal laws and to avoid exceeding the scope

18   of their authority in their dealings with the PLAINTIFFS.

19       62.    In performed the acts and omissions alleged herein above, DEFENDANTS breach this duty

20   owed to PLAINTIFFS. Said breach was a direct and proximate cause of the injuries and damages suffered by

21   PLAINTIFFS.

22       63.    The acts of confirming and ratifying the conduct of subordinate officers by Defendant DOES

23   51 through 100, and each of them, was undertaken with the knowledge that PLAINTIFF's physical and

24   emotional distress would thereby increase, and was done with a wonton and reckless disregard for the

25   consequences to PLAINTIFFS.

26       64.    Defendant DOES 51 through 100, and other supervising officers unknown to PLAINTIFFS at

27   this time, herein named DOE OFFICERS 1 through 100, and each of them, had a duty to prevent subordinate

28   //

Complaint for Damages and Violation of Constitutional Rights        -13-

1 | officers from engaging in the type of conduct toward Plaintiffs alleged herein. Breach of said duty was a

2 | direct and proximate cause of the injuries and damages sustained by Plaintiffs.

3 |       65.    As a direct and proximate result of the actions of DEFENDANTS, and each of them,

4 | PLAINTIFFS did sustain physical and emotional injury in excess of the jurisdictional limits of this court.

5 | **ELEVENTH CAUSE OF ACTION**

6 | **(Brought by All Plaintiffs Against All Defendants)**

7 | **Intentional Infliction of Emotional Distress**

8 |       66.    PLAINTIFFS reassert and re-allege Paragraphs 1 through 65 of this Complaint as though set

9 | forth herein in full.

10 |       67.    On the same dates and times set forth above, DEFENDANTS, while in the course and scope

11 | of their employment and thereby under color of law, committed the acts and omissions alleged herein.

12 |       68.    On the same dates and times set forth above, DEFENDANTS, while in the course and scope

13 | of their employment and thereby under color of law, committed the acts and omissions alleged herein. Despite

14 | PLAINTIFFS' innocence of any criminal conduct and the absence or probable cause, DEFENDANTS

15 | unlawfully and illegally detained, seized and searched, arrested, imprisoned PLAINTIFFS. All of the acts and

16 | omissions alleged herein were performed while the individual DEFENDANTS were acting within the course

17 | and scope of their employment and thereby under color of law, committed the acts and omissions alleged

18 | herein.

19 |       69.    The conduct of DEFENDANTS, and each of them, was intentional, outrageous, unprivileged,

20 | and malicious and was committed for the purpose of cause plaintiffs to suffer, or with the knowledge that

21 | plaintiffs were certain to suffer humiliation, mental anguish and emotional and physical distress.

22 | DEFENDANTS are liable by virtue of the fact that they have committed the acts and omissions, or have

23 | ratified and confirmed the acts and omissions, set forth herein against plaintiffs, acting with knowledge that

24 | plaintiffs' physical and emotional distress would thereby increase. As such, their actions in ratifying and

25 | condoning said conduct were undertaken with a wanton and reckless disregard for the consequences to

26 | PLAINTIFFS.

27 | //

28 | //

70.     As a further proximate result of DEFENDANTS' acts as herein alleged, PLAINTIFFS suffered severe humiliation, mental anguish and emotional and physical distress, and has been injured in mind and body, all to PLAINTIFFS' damages in an amount in excess of the jurisdictional limits of this Court.

71.     In doing the things herein alleged, DEFENDANTS, and each of them, acted willfully and with a callous and reckless disregard for the rights, safety and health of PLAINTIFFS.  The acts of each of the DEFENDANTS were in violation of the laws of the United States of America and the State of California and constitute malice, oppression, and fraud, thus entitling plaintiffs to punitive and exemplary damages against DEFENDANTS in an amount according to proof at the time of trial.

### TWELFTH CAUSE OF ACTION

**(Brought by All Plaintiffs Against All Defendants)**

**False Arrest and Imprisonment**

72.     PLAINTIFFS reassert and re-allege Paragraphs 1 through 71 of this Complaint as though set forth herein in full.

73.     At the time DEFENDANTS committed the acts alleged herein, PLAINTIFFS had <u>not</u> committed any criminal offense.  Despite this, PLAINTIFFS were falsely arrested and imprisoned.  Said acts were performed during the course and scope of the individual DEFENDANTS' employment with Defendant CITY.

74.     In falsely arresting and falsely imprisoning PLAINTIFFS, DEFENDANTS acted with deliberate malice and oppression.

75.     The aforementioned acts and omissions of DEFENDANTS were willful, oppressive and performed with a conscious and reckless indifference to, and disregard of, PLAINTIFFS' rights and safety, by reason of which PLAINTIFFS are entitled to exemplary and punitive damages in a sum sufficient to punish and make an example of DEFENDANTS.

### THIRTEENTH CAUSE OF ACTION

**(Brought by All Plaintiffs Against All Defendants)**

**Violation of Plaintiffs' Rights Under California Civil Code § 52.1**

76.     PLAINTIFFS re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 75, above, as though fully set forth herein.

77.    The Tom Bane Civil Rights Act, Stats. 1987, ch. 1277, § 1, p. 4544, as codified in California Civil Code § 52.1, authorizes a private cause of action for damages and equitable relief against any person who, "whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state ... " Civ. Code, § 52.1, subd. (a).

78.    The acts of DEFENDANTS, and each of them, set forth herein above, are sufficient under Civil Code § 52.1 to constitute "interference with a legal right, accompanied by a form of coercion." Such illegal acts by DEFENDANTS include, but are not limited to, wrongfully seizing, detaining and searching PLAINTIFFS and their vehicles, and other unlawful actions stated herein. These acts, and the others alleged herein above, prevented PLAINTIFFS from exercising and enjoying the legal rights secured by the Constitutions of the United States and the State of California and the statutory laws and ordinances of the United States and the State of California. Such acts by DEFENDANTS were a direct and proximate cause of the damages suffered by PLAINTIFFS as herein alleged, thereby entitled PLAINTIFFS to seek relief under Civil Code § 52.1. The relief sought by PLAINTIFFS includes, but is not limited to, compensatory damages, attorneys fees and costs.

## DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demand a trial by jury in this case.

## PRAYER FOR JUDGMENT DAMAGES

WHEREFORE, PLAINTIFFS pray for judgment against DEFENDANTS, and each of them, as follows:

(1)    for general damages in an amount according to proof at the time of trial;

(2)    for special damages in an amount according to proof at the time of trial;

(3)    for punitive damages against all individual defendants in an amount according to proof at the time of trial;

(4)    for attorney fees and costs pursuant to Title 42 USC §§1983, 1985, Cal. Civil Code § 52.1, and any and all other statutory, case law or equitable powers of this Court that may apply; and

//

Complaint for Damages and Violation of Constitutional Rights        -16-

(5)    for such other and further relief, including pre-judgment and post-judgment interest, as the Court may deem equitable and just.

Respectfully submitted,

LAW OFFICES OF GERALD SINGLETON, APC

By:    _____

GERALD SINGLETON
ALEXIS BASTEDO
Attorneys for Plaintiffs

℅JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Danae Kelley, et al.,

**DEFENDANTS**
City of San Diego, et al.,

FILED
San Diego
MAY 21 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   ᐯNᐯ   DEPUTY

(b) County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

'08 CV 0900 L WMC

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gerald Singleton, 1950 Fifth Avenue, Suite 200, San Diego, California, 92101, (619) 239-2196

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title, 42 U.S.C. section 1983
Brief description of cause:
unlawful detention, search, seizure and arrest

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 10,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  05/20/2008

SIGNATURE OF ATTORNEY OF RECORD  *(signature)*

FOR OFFICE USE ONLY

RECEIPT #  15164   AMOUNT  350.⁻   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

5/21/08

CS

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 151164    — SR**

**May 21, 2008
10:49:59**

**Civ Fil Non-Pris**
USAO #.: 08CV0900 CIV. FIL.
Judge..: M. JAMES LORENZ
Amount.:                    $350.00 CK
Check#.: PC#2001

**Total—>    $350.00**

FROM: KELLEY V. CITY OF SAN DIEGO
      CIVIL FILING