1  MICHAEL J. AGUIRRE, City Attorney
   JANE M. BOARDMAN, Deputy City Attorney
2  California State Bar No. 241799
        Office of the City Attorney
3       1200 Third Avenue, Suite 1100
        San Diego, California 92101-4100
4       Telephone: (619) 533-5800
        Facsimile:  (619) 533-5856
5       Email: jboardman@sandiego.gov

6  Attorneys for Defendants
   CITY OF SAN DIEGO; OFFICER HUDGENS;
7  OFFICER DAVID J. MCANNALLY;
   OFFICER ALEJANDRINO C. SANTOS;
8  OFFICER JANINE A. VAN ANTWERP;
   OFFICER RONALD BROUSSARD; OFFICER ROBERT E. SIMPSON;
9  OFFICER WILLIAM D. NULTON; OFFICER PATRICK R. DERNING;
   OFFICER LLOYD E. COOK; OFFICER THOMAS A. RIZZO;
10 OFFICER MARK D. HANTEN; OFFICER GREGG HUMPHREY;
   OFFICER MARK J. BUA

                    UNITED STATES DISTRICT COURT

                    SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANAE KELLEY; ADRIAN CASTILLO; CHRISTOPHER CLEMENTS; SARAH CLEMENTS; by and through her guardian ad litem, JEFF CANE; TAYLOR CLEMENTS, by and through his guardian ad litem, JEFF CANE; SCOTT EVERETT; NICOLETTE KARLEEN; ANGEL MARTINEZ; ANDY WIRTH; JEFFREY WIRTH and DEVON,<br><br>Plaintiffs<br><br>v.<br><br>CITY OF SAN DIEGO; OFFICER HUDGENS; OFFICER DAVID J. MCANNALLY; OFFICER ALEJANDRINO C. SANTOS; OFFICER JANINE A. VAN ANTWERP; OFFICER RONALD BROUSSARD; OFFICER ROBERT E. SIMPSON; OFFICER WILLIAM D. NULTON; OFFICER PATRICK R. DERNING; OFFICER LLOYD E. COOK; OFFICER THOMAS A. RIZZO; OFFICER MARK D. HANTEN; OFFICER GREGG HUMPHREY; OFFICER MARK J. BUA; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 08 CV 0900 L WMC<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date: September 2, 2008<br>Time: 10:30 a.m.<br>COURT: 14 |

1

Defendants City of San Diego, Det. Jethro Hudgens, Police Officer David J. Mcannally, Police Officer Alejandrino C. Santos, III, Police Officer Janine Van Antwerp, Police Officer Ronald Broussard, Police Officer Robert E. Simpson, Sgt. William D. Nulton, Sgt. Patrick R. Derning, Police Officer Lloyd Cook, Sgt. Thomas A. Rizzo, Lt. Mark D. Hanten, Police Officer Gregg Humphrey and Police Officer Mark J. Bua (hereinafter "Defendants") submit this reply to Plaintiff's Opposition to Defendant's Motion to Dismiss. In their opposition, Plaintiffs argue that the allegations alleged in their seventh, eighth, ninth, tenth eleventh and thirteenth causes of action stem from the same "factual circumstances" alleged in their claim, and therefore said causes of action can be inferred from their general description of the events in the claim. This is simply not the case. In their complaint, Plaintiffs are not merely providing further details to an allegation which was predicated on the same fundamental facts set forth in their claim. Rather, each allegation in their seventh, eighth, ninth, tenth eleventh and thirteenth causes of action allege a factual basis for recovery which was not fairly reflected in the claim filed with the City. The causes of action should therefore be dismissed.

## I

## ARGUMENT

### A. PLAINTIFFS HAVE FAILED TO STATE A CLAIM AGAINST THE CITY OF SAN DIEGO IN THEIR SEVENTH, EIGHTH, NINTH, TENTH, ELEVENTH AND THIRTEENTH CAUSES OF ACTION

Plaintiffs alleged unlawful arrest/detention in their claims filed with the City. The *injuries* alleged by every Plaintiff was listed as follows: "I was unlawfully arrested by SDPD officers". That is all of the information that Plaintiffs provided the City to evaluate and investigate their claim and make a meaningful decision in allowing or disallowing the claim. No where in their claim did Plaintiffs allege that they were assaulted or battered by Defendants, or that they sustained any type of *injury* from an assault or battery by Defendants. No where did Plaintiffs allege that Defendants acted *negligently*. Plaintiffs provided no facts or circumstances to put Defendants on notice that they sustained *any* type of injuries, let alone any type of mental or emotional distress. Lastly, at no time did Plaintiffs allege or infer that defendants interfered, or

attempted to interfere, by threats, intimidation, or coercion, with the exercise or enjoyment of any of Plaintiffs rights. To now argue that said allegations and injuries naturally flow from a claim that they were "unlawfully arrested by SDPD officers" and should be inferred from their claim is disingenuous, and not the law.

The law is clear. "If a plaintiff relies on more than one theory of recovery against the [governmental agency], each cause of action must have been reflected in a timely claim." *Nelson v. State of California* (1982) 139 Cal.App.3d 72,79. Further, "the factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint; even if the claim were timely, the complaint is vulnerable to a demurrer if it alleges a factual basis for recovery which is not fairly reflected in the written claim." *Id.* See also *Fall River Joint Unified School District v. Superior Court* (1988) 206 Cal.App.3d 431, 434-435; *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.* (Cal. 2004) 99 P.3d 500, 503; *Lopez v. Southern Cal. Permanente Medical Group* (1981) 115 Cal.App.3d 673, 676-677; *Shelton v. Superior Court* (1976) 56 Cal.App.3d 66, 82-83; *Connelly v. State of California* (1970) 2 Cal.App.3d 744, 752-753.

An allegation of false arrest/detention, and that alone, does not provide any factual circumstances to support a cause of action for assault and battery. Assault and battery constitutes some type of overt action by another person, in this case, the named police officers. Plaintiffs have failed to provide any *factual circumstances* in their claim to put Defendants on notice that one or more individual officers might be sued for assault and battery. It doesn't matter that Plaintiffs allegations stem from the same *incident*. That is not the same as the same *factual circumstances*. In order to bring a cause of action for assault and battery against Defendants in the complaint, Plaintiffs must have alleged some type of factual circumstance constituting an assault and battery against the Defendants in the claim, or at the very least alleged that they suffered some type of injury. Simply stating that one was falsely arrested doesn't put Defendants on notice that one is also alleging that Defendants touched or attempted to touch one in an offensive or harmful manner.

A plaintiff cannot later seek to "impose upon the defendant public entity the obligation to defend a lawsuit based upon a set of facts entirely different from those first noticed. Such an obvious subversion of the purposes of the claims act, which is intended to give the governmental agency an opportunity to investigate and evaluate its potential liability, is unsupportable." *Donohue v. State of California*, 178 Cal.App.3d 795, 804. In *Fall River Joint Unified School District v. Superior Court* (1988) 206 Cal.App.3d 431, Plaintiff sued the Defendant for dangerous condition of public property and negligence in the maintenance of the school grounds. The Court denied Plaintiff's attempt to later amend the complaint to include an allegation that the school negligently failed to supervise the students, despite the fact that it involved the same incident, because the Defendants were given no warning that they might be sued for an employee's failure to supervise the students. 206 Cal.App.3d 431 at 436. The additional cause of action constituted a set of facts entirely different from those first noticed, and therefore were not allowed. Likewise here, Defendants were given no warning that they might be sued for assault and battery, and had no opportunity to consider the validity of such a claim until the filing of the complaint.

Plaintiffs argue that they didn't assert a different set of facts in bringing their causes of action for negligence, negligence per se and negligent and intentional infliction of emotional distress, and fairly described what Defendants are alleged to have done. That is simply not true. No where in their claim did Plaintiffs provide Defendants with any factual circumstances or information that Defendants acted negligently. Alleging an unlawful act does not necessarily correspond with a negligent act. Further, no where in their claim did Plaintiffs provide Defendants with any factual circumstances or information that Plaintiffs had been injured in any manner, let alone that they had sustained any type of mental or emotional distress.

The elements of a prima facie case for the tort of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard for the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Cervantez v. J.C. Penney Co., Inc.*, 24 Cal.3d 579, 593 (1979). A cause of action for negligent infliction of emotional distress is not an

4

independent tort; it is a tort in negligence, and plaintiff must establish the elements of duty, breach of duty, causation, and damages. *Moon v. Guardian Postacute Services, Inc.*, 95 Cal.App.4th 1005, 1009 (2002). Unless a defendant has assumed a duty to plaintiff in which the emotional condition of plaintiff is an object, recovery is available only if an emotional distress arises out of defendant's breach of some other legal duty and emotional distress is proximately caused by that breach of duty; even then, with rare exceptions, breach of duty must threaten physical injury, not simply damage ... financial interest." *Potter v. Firestone Tires & Rubber Co.*, 863 P.2d 795 (1993)

Nothing in Plaintiffs claim comes close to fairly describing what [the] entity is alleged to have done as required in *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.* (Cal. 2004) 34 Cal. 4th 441, 446 to warrant the inclusion of these causes of action in the complaint. In their claim, Plaintiffs simply stated "I was unlawfully arrested by SDPD officers". This does not provide Defendants with any information as to what, if any, injuries Plaintiffs may have sustained, and certainly does not put them on notice that they may be sued for negligence or negligent and intentional infliction of emotional distress. Defendants were given no warning that they might be sued for said causes of actions.

In order to bring an action pursuant to Civil Code section 52.1, Plaintiffs must allege that Defendants attempted or completed an act of interference with a legal right, accompanied by a threat, intimidation or coercion. *Jones v. Kmart* (1998) 17 Cal.4th 329,334; see also *Venegas v. County of Los Angeles*, (2004) 32 Cal.4th 820,843. Plaintiffs' claims of being unlawfully arrested/detained can hardly be said to put Defendants on notice that they would be sued pursuant to Civil Code section 52.1. In their claim, Plaintiffs provided Defendants with absolutely no circumstances or information that Defendants threatened, coerced or intimidated them, or attempted to do so. Again, simply stating that one was unlawfully arrested/detained does not give an entity any notice that threats, intimidation or coercion was used. Such serious allegations are certainly not something that can simply be inferred by an allegation that a person was unlawfully arrested/detained. Because prevailing Plaintiffs are entitled to attorneys fees with regard to such allegations, Defendants would have taken particular care to investigate and evaluate such a claim

5

had they been notified when the claim was first filed. As previously noted, it is not reasonable to impose upon the defendant public entity the obligation to defend a lawsuit based upon a set of facts entirely different from those first noticed. *Donohue v. State of California*, 178 Cal.App.3d 795, 804. Defendants were given no warning that they might be sued for violation of Civil Code section 52.1, and had no opportunity to consider the validity of such a claim until the filing of the complaint.

The allegations alleged in Plaintiffs' seventh, eighth, ninth, tenth eleventh and thirteenth causes of action do not stem from the same "factual circumstances" alleged in their claim. Each of these causes of action allege a factual basis for recovery which was not fairly reflected in the claim filed with Defendants, and therefore must be dismissed. *State of California Department of Transportation v. Hall, et al.*, 159 Cal.App.3d 331, 337.

## II

## CONCLUSION

For the foregoing reasons, Defendants respectively submit that their Motion to Dismiss should be granted.

Dated: August 25, 2008                              MICHAEL J. AGUIRRE, City Attorney


By  /s/Jane M. Boardman
    JANE M. BOARDMAN
    Deputy City Attorney

Attorneys for Defendants
CITY OF SAN DIEGO, et al.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANAE KELLEY; ADRIAN CASTILLO; CHRISTOPHER CLEMENTS; SARAH CLEMENTS; by and through her guardian ad litem, JEFF CANE; TAYLOR CLEMENTS, by and through his guardian ad litem, JEFF CANE; SCOTT EVERETT; NICOLETTE KARLEEN; ANGEL MARTINEZ; ANDY WIRTH; JEFFREY WIRTH and DEVON,<br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO; OFFICER HUDGENS; OFFICER DAVID J. MCANNALLY; OFFICER ALEJANDRINO C. SANTOS; OFFICER JANINE A. VAN ANTWERP; OFFICER RONALD BROUSSARD; OFFICER ROBERT E. SIMPSON; OFFICER WILLIAM D. NULTON; OFFICER PATRICK R. DERNING; OFFICER LLOYD E. COOK; OFFICER THOMAS A. RIZZO; OFFICER MARK D. HANTEN; OFFICER GREGG HUMPHREY; OFFICER MARK J. BUA<br>Defendants. | Case No.: 08 CV 0900 L WMC<br><br>CERTIFICATE OF SERVICE |

I, the undersigned, declare that I am over the age of eighteen years and not a party to this action; and that I served upon Plaintiff the following documents: DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DIMISS

in the following manner:

By electronic filing, I served each of the above referenced documents by E filing, in accordance with the rules governing the electronic filing of documents in the United States District Court for the Southern District of California; and

By mail. I caused the above referenced documents to be mailed through the United States Postal Service to Plaintiff at the following address:

Gerald Singleton, State Bar No. 208783
Law Offices of GERALD SINGLETON, APC
1950 Fifth Street, Suite 200
San Diego, CA  92101
Tel:  (619) 239-2196
Fax:  (619) 702-5592
Geraldsingleton73@yahoo.com

1
CERTIFICATE OF SERVICE                                   08 CV 0900 L WMC

1 | Alexis Bastedo, State Bar No. 249183
| Law Offices of ALEXIS BASTEDO
2 | P.O. Box 33013
| San Diego, CA 92163
3 | Tel: (619) 818-6039
| Fax: (619) 546-8744
4 | alexisbastedo@gmail.com
| Attorneys for Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct.

Executed: August 25, 2008, at San Diego, California.

*/s/ Helen Metteer*

HELEN METTEER

2
CERTIFICATE OF SERVICE                          08 CV 0900 L WMC